ALVERSON, TAYLOR, MORTENSEN & SANDERS
SEETAL TEJURA, ESQ. (#008284)
7401 W. Charleston Boulevard
Las Vegas, Nevada 89117
(702) 384-7000
efile@alversontaylor.com
Attorneys for Defendants
NAPHCARE, INC. and
LAS VEGAS METROPOLITAN
POLICE DEPARTMENT

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

#*#

| | |
|---|---|
| GORDON J. LAWES,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; NAPHCARE, INC., an Alabama Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:12-cv-01523-MMD-CWH<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY** |

Discovery in this action will require Defendant NaphCare, Inc. to provide the parties with information and documents that contain information that is confidential, proprietary and sensitive. Disclosure of this information could result in harm to said Defendant's business and practices. Although this information may be subject to conditional disclosure, NaphCare, Inc. is entitled to the protections described below.

1.  As used in this Protective Order, the term "confidential information" means any documents, testimony, or other information that is produced from the date of this agreement forward, including: policies and procedures which are used to govern the provision of healthcare

-1-

20173-ST
SAO Confidentiality

1 services to the inmates at the Clark County Detention Center (CCDC), employment training documents, and internal documents used for investigating, monitoring, and maintaining its business practices, including the healthcare rendered at the CCDC and has been designated as "CONFIDENTIAL".

2. The term "disclosure" shall include the dissemination, communication, publication or reproduction of any confidential material or the specific contents of the information contained therein, or the communication of any estimate or other information which facilitates the discovery of confidential information. Should any pleading with the Court require reference or attachment of any confidential information, the attachment shall be filed under seal pursuant to this Stipulation and Protective Order, as further defined in Paragraph 11 below.

3. As used in this Protective Order, the term "qualified persons" means (i) counsel of record for the parties to the litigation, including office associates, paralegals, and stenographic and clerical employees to whom disclosure is reasonably necessary; (ii) experts retained for the purpose of this litigation to whom disclosure is reasonably necessary and who reviewed and signed a copy of this Stipulation; (iii) parties to this action; and (iv) court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to this litigation.

4. Confidential information shall be and remain confidential, and, except as allowed by this Protective Order, may not be disclosed or communicated, nor used for any purpose other than this litigation, including any appeals.

5. Any and all documents containing confidential information must be retained by counsel and not be disclosed or made available to any person other than a qualified person who has read and acknowledged the terms of this Protective Order. Similarly, the confidential information contained within those documents may not be disclosed to any person other than a qualified person. To the extent reasonably necessary, copies of confidential documents may be

-2-

20173-ST
SAO Confidentiality

1  provided to experts retained for the purpose of this litigation to whom disclosure is reasonably
2  necessary and who have signed this Stipulation and Protective Order. Nothing in this Protective
3  Order shall in any way affect the admissibility or use at trial of any of the documents produced
4  under this Protective Order.

5      6.    Any person who is in possession of confidential information, or to whom
6  confidential information is disclosed, is responsible for ensuring that such confidential
7  information is not inadvertently disclosed by him or her. Failure to take all reasonable
8  precautions to ensure against such inadvertent disclosure will be viewed by the Court as willful
9  disobedience of this Protective Order, and will be punished accordingly.

10      7.    Counsel receiving confidential information may not disclose that confidential
11  information to any expert without first furnishing to that expert a copy of this Stipulation and
12  Protective Order and obtaining a signed copy of this Stipulation and Protective Order from that
13  expert.

14      8.    Any person who executes a copy of this Stipulation and Protective Order submits
15  to the jurisdiction of this Court for purposes of enforcement of this Protective Order, either prior
16  to or following trial of this action. Jurisdiction of this action is to be retained by this Court after
17  final determination for purposes of enabling any party or persons affected by this Protective
18  Order to apply to the Court for such direction or further decree as may be appropriate for the
19  construction or enforcement of this Protective Order, or for such additional relief as may become
20  appropriate.

21      9.    If Plaintiff objects to the designation by Defendant of a document or item,
22  pleading, or transcript of testimony as "CONFIDENTIAL", he shall give notice of the same to
23  Defense Counsel in writing of the document, pleading, and/or testimony at issue and the reason
24  for the objection. Defendant shall thereafter have twenty (20) business days within which to

1  apply to the Court for appropriate protection of the document, pleading, and/or testimony
2  pursuant to the Federal Rules of Civil Procedure. If Defendant does/do not make application
3  within twenty (20) business days after receipt of the written objection of Plaintiff (or within the
4  stipulated time period if stipulated to be longer or shorter than twenty (20) days), then the
5  documents, pleadings, and/or testimony at issue shall no longer be deemed "CONFIDENTIAL".
6  However, until expiration of the twenty (20) day time period (longer or shorter if stipulated) or
7  until the Court enters an order changing the designation, whichever is later, the information shall
8  continue to be given the "CONFIDENTIAL" treatment initially assigned to it and provided for in
9  this Order.

10.  If any individual is making copies of any confidential information allowed by this agreement, said individual must ensure that the copies are also marked "Confidential."

11.  Any person who wishes to file with this Court any document, paper, or other tangible item disclosing confidential material may disclose only those confidential materials that are necessary to support the pleading, motion or other paper to which the confidential document, paper, or other tangible item is attached and must do so under seal, permissible pursuant to this Stipulation and Order.

12.  Nothing in this Protective Order precludes the deposition examination of any person regarding confidential information of which they have knowledge. In any such deposition, Defendant may designate specific testimony deemed to be "CONFIDENTIAL" by advising the court reporter of such fact prior to the conclusion of the deposition. The reporter shall mark the face of the transcript "CONTAINS CONFIDENTIAL INFORMATION." All transcripts of said deposition containing confidential information will be treated in accordance with this Protective Order, wherein if any portions of the deposition transcript containing confidential material is to be filed with the Court, it should be filed with the Court under seal as

-4-

20173-ST
SAO Confidentiality

described in paragraph 11.

13. Only qualified persons as defined in Paragraph 3 above may attend deposition examinations in this case unless counsel for all parties agree otherwise.

14. The parties taking any deposition shall retain a court reporter who agrees that before transcribing any such testimony, that all testimony containing confidential information is and shall remain confidential and shall not be disclosed except as provided in this Protective Order and that copies of any transcript, reporter's notes, or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to attorneys of record or filed with the Court under seal.

15. If, during trial, any party intends to introduce into evidence any information designated as "CONFIDENTIAL," he/she shall give timely notice of that intention to the Court and the opposing counsel, and the Court may take such steps as it shall deem reasonably necessary to preserve the confidentiality of such information, without violating any statute or other rule of the Court.

16. Nothing in this Protective Order requires a party to disclose confidential information that the party also contends is protected from disclosure based upon a privilege (including but not limited to HIPAA rights of others) or for some reason other than the mere confidential or proprietary nature of the document or information (including but not limited to non-discoverable trade secrets).

17. Upon the final determination of this action, counsel and all qualified persons shall return any confidential information to counsel for Defendant NaphCare, upon their request, together with any copies of confidential information. Transcripts containing confidential information also must be returned to the requesting Defense Counsel. All pleadings with confidential information attached or referenced may be maintained in the appropriate counsel's

-5-

1  files, and the appropriate counsel may maintain or destroy all documents with work product
2  thereupon, provided that such counsel and employees of such counsel, shall not disclose any
3  such material contained in such documents to any person or entity. All notes or any other
4  memorialization of the information contained in the confidential material produced that are in the
5  possession of a party may be retained by that party's counsel, but shall be placed in a sealed
6  envelope or other container on the face of which shall be typed or printed:

<u>CONFIDENTIAL</u>

THE INFORMATION CONTAINED HEREIN IS CONFIDENTIAL AND SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE UNITED STATES DISTRICT COURT, DISTRICT OF NEVADA. ANYONE NOT PERMITTED TO REVIEW THIS INFORMATION AS SET FORTH IN THAT PROTECTIVE ORDER IS IN VIOLATION OF THAT ORDER, AND MAY HAVE SANCTIONS IMPOSED AGAINST HIM OR HER AS THE COURT MAY DETERMINE AND ALLOWED UNDER LAW AND MAY ALSO BE SUBJECT TO CONTEMPT OF COURT PROCEEDINGS.

13  18.   Anyone found to be in violation of this Protective Order may have sanctions imposed
14  against him or her as the Court may determine and allowable under law and may also be
15  subject to contempt of court proceedings.

16  DATED this 30th day of January, 2013.          DATED this 30 day of January, 2013.

17  ALVERSON, TAYLOR, MORTENSEN &            OLSON, CANNON, GORMLEY
    SANDERS                                  & DESRUISSEAUX

18  By _____          By _____
19     SEETAL TEJURA, ESQ. (#008284)             THOMAS DILLARD, ESQ. (#006270)
       7401 W. Charleston Boulevard              9950 W. Cheyenne Avenue
20     Las Vegas, Nevada 89117                   Las Vegas, Nevada 89129
       Attorneys for Defendants,                 Co-Counsel for Defendant
21     NAPHCARE, INC. and LAS VEGAS              LAS VEGAS METROPOLITAN
       METROPOLITAN POLICE                       POLICE DEPARTMENT
22     DEPARTMENT

23
24  . . . .

-6-

20173-ST
SAO Confidentiality

1  Dated this 30 day of January, 2013

2  LAW OFFICE OF MICHAEL HAMILTON

3  By _____
   Michael Hamilton, Esq. (#007730)
4  10161 Park Run Drive, Suite 150
   Las Vegas, Nevada 89145

5
   Also signing for:
6  GREG K. HAFIF, ESQ. (#10606)
   LAW OFFICES OF HERBERT HAFIF
7  269 West Bonita Avenue
   Claremont, CA 91711

8
   Attorney for Plaintiff
9  GORDON J. LAWES

10

11                         **ORDER**

12  IT IS SO ORDERED.

13  Dated this _2nd day of February, 2013.

14                              _____
15                              UNITED STATES DISTRICT JUDGE/
                                UNITED STATES MAGISTRATE JUDGE
16
   Submitted by:
17
   ALVERSON, TAYLOR,
18  MORTENSEN & SANDERS

19  _____
20  SEETAL TEJURA, ESQ. (#008284)
    7401 W. Charleston Boulevard
21  Las Vegas, NV 89117
    Attorneys for Defendants
22  NAPHCARE, INC. and LAS VEGAS
    METROPOLITAN POLICE
23  DEPARTMENT

24

-7-

20173-ST
SAO Confidentiality

## ATTACHMENT A:

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I hereby acknowledge that I may receive information designated as "Confidential" from counsel to a party to this litigation. I hereby certify my understanding that such information will be provided to me pursuant to the terms and restrictions of the above Stipulated Protective Order that has been entered by the Court; that I have been given a copy of, and have read and understand, such Stipulated Protective Order; that I agree to be bound by the terms thereof; and that I irrevocably submit to the personal jurisdiction of the Court in connection with any proceeding to enforce the Stipulated Protective Order that may involve me.

ACKNOWLEDGED AND AGREED:

Signature: _____

Printed Name: _____

Address: _____

Dated: _____

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

20173-ST
SAO Confidentiality