UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GORDON J. LAWES,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; NAPHCARE, INC.,<br><br>Defendants. | Case No. 2:12-cv-01523-APG-CWH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS [Dkt. #10]** |

I.  **BACKGROUND**

Plaintiff Gordon J. Lawes ("Lawes") brought claims against the Las Vegas Metropolitan Police Department ("Metro") and NaphCare, Inc. ("NaphCare") (collectively, the "Defendants") for allegedly violating his Eighth Amendment right to medical care under 42 U.S.C. § 1983 and for medical malpractice under Nevada state law. (Dkt. No. 1.) Lawes' principal contention is that Metro and NaphCare failed to provide appropriate medical care following an ankle injury he suffered playing basketball while housed in the Clark County Detention Center ("CCDC").

Metro is the merged law enforcement agency for the City of Las Vegas and Clark County (the "County"); it is an agency of the county rather than a political subdivision of the state. *See* NEV. REV. STAT. § 280.080; *Scott v. Las Vegas Metro. Police Dep't*, 2011 WL 2295178 at \*4 (D. Nev. 2011). Metro is a suable entity and is legally responsible for the conduct of its employees and agents. NEV. REV. STAT. § 280.280(4). Metro operates CCDC. NaphCare is a private entity

that provides medical care to inmates at CCDC under contract with either Clark County or Metro.[1]

Currently before the court is Defendants' motion to dismiss under Rule 12(b)(6) (the "Motion"). (Dkt. No. 10.) The Motion seeks to dismiss only the Second and Third Claims: medical malpractice and punitive damages. As to the medical malpractice claim, Defendants argue that Lawes failed to file an expert affidavit in accord with NRS 41A.071, and thus the claim was *void ab initio* and should be dismissed without prejudice. In addition, Metro argues that it is not a proper defendant to a malpractice claim, and NaphCare argues that it is entitled to discretionary-act immunity for that claim. As to punitive damages, Metro contends that local governments are not subject to punitive damages for violations of Section 1983, and NaphCare argues that it is entitled to the same immunity from punitive damages that state actors enjoy under Nevada statutes.

For the reasons set forth below, the court grants in part and denies in part the Motion.

## II. ANALYSIS

### A. Second Claim for Relief — Medical Malpractice

NRS 41A.071 provides:

> If an action for medical malpractice . . . is filed in the [state] district court, the [state] district court shall dismiss the action, without prejudice, if the action is filed without an affidavit, supporting the allegations contained in the action, submitted by a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged malpractice.

The Nevada Legislature passed this statute in part to protect medical professionals from what the Legislature perceived to be an increase in frivolous malpractice lawsuits, and to lower the burdens of litigating such cases for the parties and the state courts. The Nevada Supreme Court has held that "the expert affidavit requirements of N.R.S. § 41A.071 are designed to ensure that parties file malpractice cases in good faith." *Borger v. Eighth Judicial Dist. Ct.*, 102 P.3d 600, 604 (Nev.

---

[1] There is a factual dispute as to whether NaphCare contracted with Clark County or with Metro. As set forth below, however, the court need not determine at this time with whom NaphCare was contracted.

2004). The court is sensitive to protecting the state's interests in that regard. *Wray v. Gregory*, 61 F.3d 1414, 1418 (9th Cir. 1995) (enforcing the prior Nevada scheme of using medical screening panels). "When a State chooses to use a traditionally procedural vehicle as a means of defining the scope of substantive rights or remedies, federal courts must recognize and respect that choice." *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 130 S.Ct. 1431, 1450 (2010) (Stevens, J., concurring).

The Ninth Circuit has affirmed the applicability of this statute in federal lawsuits. *Swails v. U.S.*, 406 F. App'x 124 (2010) (The court held that the statutory language was plain, that the Nevada Supreme Court's interpretation of it compelled dismissal without prejudice, and that the district court was correct in enforcing it.). This district court has addressed NRS 41A.071 on many occasions and has overwhelmingly, although not unanimously, applied the statute.[2] In light of these precedents, the court holds that Lawes' failure to attach to his Complaint an expert affidavit in accord with NRS 41A.071 renders his medical malpractice claim *void ab initio*, and it must be dismissed without prejudice.[3]

---

[2] On one occasion, this court declined to apply the mandatory dismissal aspect of the statute to a *pro se* plaintiff proceeding *in forma pauperis*. *Estes v. S. Nev. Adult Mental Health Services*, 2007 WL 160770 at *2–3 (D. Nev. 2007). The plaintiff likely believed he had done everything required to file a Section 1983 claim, and it would have been "near miraculous" for him to realize that his civil rights action was also a medical malpractice action that required an expert affidavit. *Id.* The court gave the plaintiff 60 days to submit the required affidavit. *See also, Pollard v. GEO Group, Inc.*, 607 F.3d 583, 601–02, *rev'd on other grounds sub nom. Minneci v. Pollard*, 132 S. Ct. 617 (2012)(The court expressed concern that *pro se* prisoners may be unable to meet the affidavit requirement as a practical matter, implying that district courts are not required to enforce the statute in such circumstances.). In the present case, Lawes is represented by counsel; therefore, these cases are distinguishable.

[3] Moreover, Metro cannot be liable for medical malpractice (or professional negligence). "Medical malpractice" is defined in Nevada law as "the failure of a physician, hospital, or employee of a hospital" to meet the requisite standard of care. NEV. REV. STAT. § 41A.009. Metro is none of these. "Professional negligence" is defined as "a negligent act or omission to act by a provider of health care. . . ." *Id.* § 41A.015. In turn, "provider of health care" is defined by an exhaustive list of providers such as optometrists, licensed nurses, chiropractors, and licensed hospitals. *Id.* § 41A.017. Metro does not qualify as any of the listed providers. Thus, even if dismissal was not proper under NRS 41A.071, Metro still would be dismissed because Lawes cannot maintain a malpractice action against it. Finally, the court notes that NaphCare does not qualify for discretionary-act immunity as an "immune contractor" under NRS 41.032(2).

### B. Third Claim for Relief — Punitive Damage

Local governments are immune from punitive damages under Section 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 259–60 (1981) ("[A] municipality, like a private corporation, was to be treated as a natural person subject to suit for a wide range of tortious activity, but this understanding did not extend to the award of punitive damages . . . against a municipal corporation."). Accordingly, the court dismisses the claim for punitive damages under Section 1983 against Metro.

Private entities that provide medical care in a government jail, however, are not treated as municipalities for punitive damages under Section 1983. *Segler v. Clark Cnty.*, 142 F. Supp. 2d 1264, 1268 (D. Nev. 2001) ("This court will not lightly expand the distinct role of municipality under § 1983 to include a private corporation."). Nonetheless, such private entities do act under "color of law" and thus are subject to liability under Section 1983. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 54–55 (1988). Consequently, the claim for punitive damages under Section 1983 against NaphCare survives.

Finally, because the medical malpractice claims have been dismissed, no punitive damages can be recovered on those claims.

### III. CONCLUSION

Based on the foregoing, the court hereby ORDERS:

1. Plaintiff's claims for medical malpractice are dismissed without prejudice.
2. Plaintiff's claims for punitive damages under Section 1983 against Metro and punitive damages for medical malpractice are dismissed with prejudice.

DATED THIS 8th day of JULY 2013.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

4